IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JEFF BOYER and JOHN MATTHEW LAUREANO, Individually and on Behalf of Others Similarly Situated <br><br> Plaintiffs <br><br> V. <br><br> LA SHER OIL COMPANY and ROGER MASON, Individually and as Owner of La Sher Oil Company <br><br> Defendants | * * * * * * * * * * | NO:   4:12CV00431 SWW |

## ORDER

Plaintiffs Jeff Boyer and John Matthew Laureano bring this putative collective action pursuant to the Fair Labor Standards Act ("FLSA") against La Sher Oil Company ("La Sher") and Roger Mason ("Mason"). Plaintiffs allege that they worked for La Sher, a domestic corporation, and Mason, the owner of La Sher, and frequently worked in excess of 40 hours a week without receiving overtime compensation. Plaintiffs seek overtime pay due under the FLSA, and they bring a supplemental claim for violation of the Arkansas Minium Wage Act.

A notice of bankruptcy filed in this case shows that on September 5, 2012, La Sher filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Arkansas. By operation of 11 U.S.C. § 362, an automatic stay went into effect on September 5, 2012 with respect to proceedings in this case against separate defendant La Sher. La Sher requests that the Court enter an order "dismissing or staying this cause pending further order of the bankruptcy court." Docket entry #12.

Plaintiffs have filed an objection, asserting that the automatic stay does not extend to

separate claims against Mason.  Plaintiffs assert that a corporate officer with operational control of the corporation's day-to-day functions is an employer within the meaning of the FLSA, and the automatic stay with respect to La Sher does not require dismissal of claims against Mason.

"The bankruptcy court can stay actions against any party, even a non-debtor, whenever the objective of the action is to obtain possession or exercise control over the debtor's property." *Ritchie Capital Management, L.L.C. v. Jeffries,* 653 F.3d 755, 762 (8th Cir. 2011)(citing 11 U.S.C. § 362(a)(3)).  "Unless a case involves unusual circumstances, however, the bankruptcy court cannot halt litigation by non-debtors, 'even if they are in a similar legal or factual nexus with the debtor.'" *Id.*(quoting *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir.1992)).  Mason offers no information demonstrating that the automatic stay should be extended to him.  Accordingly, the case will proceed on Plaintiffs' claims against Mason.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to administratively terminate separate defendant La Sher Oil Company as a party to this action. This administrative termination is without prejudice to Plaintiffs' right to reopen the proceedings against separate defendant once the bankruptcy stay is lifted.  The case will proceed on Plaintiffs' claims against separate defendant Roger Mason.

IT IS SO ORDERED THIS 27TH  DAY OF SEPTEMBER, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE